UNITED STATES DISTRICT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

    **Plaintiff,**

                                                Case No: 06-20351
                                                Honorable Denise Page Hood

**v.**

**D-2   CAMELIA PEATROSS**

    **Defendant.**

_____

## MEMORANDUM OPINION & ORDER

**I.    INTRODUCTION**

This matter is before the Court on Defendant Tanisha Summers' Emergency Motion to Adjourn Trial, filed on November 28, 2006 and on Defendant Camelia Peatross' Motion to Dismiss or for Speedy Trial, filed on November 29, 2006. Trial is scheduled for December 5, 2006. The Government filed its Response to Defendant Camelia Peatross' Motion to Dismiss or for Speedy Trial on December 4, 2006.

**II.    STATEMENT OF FACTS**

On July 13, 2006, the Grand Jury filed a Superceding Indictment against Defendant Camelia Peatross, which charges her with false personation in violation of 18 U.S.C. § 912. On July 24, 2006, Defendant Peatross was arraigned and Defendant entered a plea of not guilty.[1] On

---

[1] Defendant Peatross states in her Motion to Dismiss or for Speedy Trial that she was arraigned on July13, 2006, however the docket states that her arraignment took place on July 24, 2006.

August 22, 2006, Defendant Peatross filed a Motion for Disclosure of Brady Materials and Motion for Notice from the Government Regarding 404(b) evidence. On August 23, 2006, the Government filed a Second Superseding Indictment against Defendant Peatross. On September 19, 2006, Defendant Camelia Peatross filed a Motion to Sever. On September 26, 2006, Defendant Peatross withdrew the Motion to Sever.[2] Additionally, according to the Government, Defendant Peatross' two other pending motions were resolved on this date, however no Order has been submitted to the Court. On November 29, 2006, the Government filed a Third Superseding Indictment against Defendant Peatross, which in addition to the charge in the Second Superseding Indictment, charges her with "conspiracy to commit offense or to defraud the United States . . . " in violation of 18 U.S.C. § 371.

On July 13, 2006, the Grand Jury also filed its Superseding Indictment against Defendant Peatross,' co-defendant, Shawn Gibson, charging him with witness tampering in violation of 18 U.S.C. § 1512(b)(2). On August 23, 2006, the Grand Jury filed a Second Superseding Indictment against Defendant Gibson, which in addition to the charge contained in the Superseding Indictment, charges him with violating 18 U.S.C. § 7206(2) for preparing false and/or fraudulent tax returns and for conspiracy to defraud the United States government in violation of 18 U.S.C. § 371. Defendant Gibson filed two Motions for Bond, on July 12, 2006, and September 13, 2006, respectively. Additionally, Defendant Gibson filed a Motion in Limine on September 15, 2006. On November 16, 2006, Defendant Gibson entered a guilty plea.

On August 23, 2006, the Grand Jury also filed its Second Superseding Indictment against

---

[2] This Motion is still listed on the docket as pending, notwithstanding the fact that Defendant withdrew this motion.

Defendant Tanisha Summers, charging her with "aiding and assisting in the preparation and presentation of false and fraudulent returns . . . " in violation of 26 U.S.C. § 7206(2) and "conspiracy to commit offense or to defraud the United States . . ." in violation of 18 U.S.C. § 371.  On October 25, 2006, a warrant was executed for the arrest of Defendant Tanisha Summers.  Defendant Summers was extradited from Georgia and on October 26, 2006, Defendant Summers was arraigned and entered a plea of not guilty.  Defendant Summers is also Defendant Peatross' co-defendant.

### III.  APPLICABLE LAW & ANALYSIS

#### A.  Defendant Peatross' Motion to Dismiss

Defendant Peatross argues that more than seventy days have passed since Defendant Peatross' arraignment on the indictment, and as such a violation of the Speedy Trial Act has occurred and dismissal of the charges against her.

Defendant Peatross asserts that her August 22, 2006 Motions stopped the clock until September 26, 2006, the date upon which the clock recommenced.  Defendant Peatross further argues that the delay is solely the result of the Government's actions.  Defendant Peatross asserts that the Government represented that it had more information that inculpated Defendant as knowingly participating or assisting in the tax fraud conspiracy that co-defendants Shawn Gibson and Tanisha Summers are currently charged with in the Second Superseding Indictment.  As such, the Government informed Defendant Peatross that her Motion to Sever was premature, and based upon this information, Defendant withdrew her Motion to Sever.

The Government counters that the numerous pre-trial motions filed in this matter have

stopped the speedy trial clock.[3] Specifically the Government claims that the clock did not actually begin until the last pending motion was resolved in this matter, Co-Defendant Gibson's Motion in Limine. Co-Defendant Gibson pled guilty on November 16, 2006, as such the pending Motion in Limine was resolved on that date. According to the Government, the speedy trial clock commenced the next day, November 17, 2006, and stopped again when Defendant Peatross filed the current Motion. As such, the Government argues only 13 days have transpired on the speedy trial clock.[4]

In the alternative the Government argues that the superseding indictments have reset the speedy trial clock. As such, the clock would have commenced on the date the Third Superseding Indictment was filed, on November 29, 2006, but since Defendant Peatross filed the current Motion to Dismiss on the same day, the clock is arrested until its resolution.

The Government also argues that it has diligently prosecuted this matter, and has not engaged in any dilatory conduct to cause the delay. The Government also contests what it believes to be Defendant Peatross' characterization that her involvement in the tax fraud scheme was "fairly benign." (Gov.'s Br. in Resp. to Def. Peatross' Mot. to Dismiss or for Speedy Trial, p. 6)

---

[3] The motions include: Co-Defendant Gibson's Motion for Bond, filed on July 12, 2006; Defendant Peatross' Motion for Notice from the Government Regarding 404(b) Evidence and Motion for Disclosure of Brady Materials, both filed on August 22, 2006; Co-Defendant Gibson's Second Motion for Bond, filed on September 13, 2006; Co-Defendant Gibson's Motion in Limine, filed on September 15, 2006; and Defendant Peatross' Motion to Sever, filed on September 19, 2006.

[4] The Speedy Trial calculation computed by this Court's CM/ECF operating system lists the speedy trial clock deadline as March 16, 2007 for Defendant Peatross, based upon the filings on the Court docket.

18 U.S.C. § 3161(c)(1) provides that in any case in which a plea of not guilty is entered, "the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). *Henderson v. United States,* 476 U.S. 321, 322 (1986). If the defendant is not tried within the 70-day period, the district court must dismiss the indictment. 18 U.S.C. § 3162(a)(2). However, certain pretrial delays enumerated in § 3161(h) are excludable from the 70-day period, and have the effect of stopping the speedy trial clock. *United States v. Mentz*, 840 F.2d 315, 325 (6th Cir. 1988). For instance, any "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on," is excludable from the 70-day period. 18 U.S.C. § 3161(h)(1)(f). After the hearing and after any supplemental briefs are submitted, the prompt disposition of the motion, not to exceed thirty days where a matter is actually under advisement by the court is excluded. 18 U.S.C. § 3161(h)(1)(J). Additionally, if multiple defendants are charged in the indictment, "only one speedy trial clock governs the action" if the district court has not granted a motion for severance. *United States v. Culpepper*, 898 F.2d 65, 65 (6th Cir. 1990). The speedy trial clock is calculated by the latest codefendant to be joined in a superseding indictment. *Culpepper*, 898 F.2d at 65 (6th Cir. 1990)("All defendants who are joined for trial generally fall within the speedy trial computation of the latest co-defendant." (quoting *Henderson v. United States*, 476 U.S. 321, 323).

Applying this analysis to the present matter, the speedy trial clock would have commenced the day after Defendant Summer's arraignment, which was October 27, 2006.

5

However, the Government filed a Third Superseding Indictment on November 29, 2006, which charges Defendant Peatross with "conspiracy to commit offense or to defraud the United States . . ." in violation of 18 U.S.C. § 371.  Pursuant to 18 U.S.C. § 3161(h)(6), "the seventy-day clock does not start running again until the later of the superseding indictment or the defendant's first appearance thereon."  *United States v. Layne*, 1994 U.S. App. LEXIS 9375, *9.[5]

The Court finds that Defendant Peatross' right to a speedy trial under 18 U.S.C. § 3161(c) has not been violated.  Accordingly, Defendant Peatross' Motion to Dismiss or for Speedy Trial is DENIED.

### B. Defendant Summers' Emergency Motion to Adjourn Trial

Defendant Summers' attorney, Judith S. Gracey, asserts that she has been unable to communicate with Defendant Summers except through written correspondence.  Ms. Gracey also asserts that until Defendant Summers' release from custody on November 8, 2006, she has been unable to contact the Defendant.  Due to the large amount of discovery received in this matter, in addition to counsel's inability to adequately confer with her client, Defendant and her counsel assert that additional time is needed to prepare for trial and that no party will be prejudiced if this Court grants an adjournment.  Pursuant to Local Court Rule 23.2, "[a] motion for continuance of a criminal matter shall be made only for good cause and in conjunction with the Speedy Trial

---

[5] Although the Government did not move for the dismissal of the original indictment, the Court will construe the filing of the subsequent Superseding Indictments as moving for dismissal of the original Indictment.  Other courts have made a similar interpretation under the statute.  See *United States v. Cordova*, 1998 U.S. Dist. LEXIS 22890, *13-14; *United States v. Van Someren*, 118 F. 3d 1214, 1219 (8th Cir. 1997); *United States v. Kelly*, 45 F. 3d 45, 48 (2d Cir. 1995); *United States v. McKay*, 30 F. 3d 1418, 1419-20(11th Cir. 1994).

Act." The Court has already determined that the speedy trial clock in this matter is governed by the filing of the Third Superseding Indictment. As such, the seventy-day period will commence the day after both Defendants' Motions are resolved. Defendant Summers and her counsel have demonstrated good cause as to why an adjournment of this matter is warranted.[6]

## IV.   CONCLUSION

IT IS ORDERED that Defendant Cameila Peatross' Motion to Dismiss or for Speedy Trial [**Docket No. 61, filed November 29, 2006**] is DENIED.

IT IS FURTHER ORDERED that Defendant Tanisha Summers Emergency Motion to Adjourn Trial [**Docket No. 60, filed November 28, 2006**] is GRANTED.

IT IS FURTHER ORDERED that trial in this matter is set for April 16, 2007.


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  January 5, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 5, 2007, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager

---

[6] Subsequent to hearing these Motions, Defendant Summers was appointed new counsel and a status conference was held with all counsel of record including Defendant Summers' newly appointed counsel. The parties agreed to a trial date of April 17, 2007, which was set at that time. Counsel for Defendant Peatross indicated his client would agree to waive her right to a speedy trial with respect to this new trial date without waiving her right to further challenge this Court's decision on the Motion to Dismiss. Defendant Summers waived her right to speedy trial relative to the new trial date set.

7