UNITED STATES DISTRICT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

 Plaintiff,

                Case No: 06-20351
                Honorable Denise Page Hood

v.

D-2 CAMELIA PEATROSS

 Defendant.
_____

**MEMORANDUM OPINION & ORDER**

**I. INTRODUCTION**

 These matters are before the Court on Defendant Camelia Peatross' Motion for Severance, filed on February 7, 2007 and the Government's Motion for Reciprocal Discovery Under Federal Rule of Criminal Procedure 16, filed on February 6, 2007. The Government filed a Response to Defendant Peatross' Motion for Severance on February 8, 2007. Defendant Peatross filed a Response To and Notices The Government's Motion for Reciprocal Discovery and Request for Discovery Materials on February 7, 2007. A hearing on these matters was held on February 26, 2007.

**II. STATEMENT OF FACTS**

 On November 29, 2006, Defendant Peatross was charged in a third superseding indictment with false personation, in violation of 18 U.S.C. § 912, and conspiracy to defraud the United States, in violation of 18 U.S.C. § 371. Defendant Peatross' co-defendants, Shawn

1

Gibson and Tanisha Summers are likewise charged with conspiracy under 18 U.S.C. § 371. Co-Defendant Gibson has pled guilty and Defendant Summers is also charged with aiding and assisting in the preparation of false tax returns in violation of 26 U.S.C. § 7206(2).

### III.    APPLICABLE LAW & ANALYSIS

#### A.    Defendant's Motion for Severance

Federal Rule of Criminal Procedure 8(b) states:

**(b)    Joinder of Defendants**. The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendant may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8(b). Joinder under Rule 8(b) is favored in this Circuit, so that judicial economy may be promoted. *See United States v. Davidson*, 936 F. 2d 856, 861 (6th Cir. 1991). Additionally, "[t]here is a strong policy in favor of joint trials when charges will be proved by the same series of acts . . . ." *United States v. Horton*, 847 F. 2d 313, 317 (6th Cir. 1988) and a general rule that "persons indicted together should be tried together." *United States v. Warner*, 971 F. 2d 1189, 1196 (6th Cir. 1992). "[T]here is a presumption that the jury will be able to sort out the evidence applicable to each defendant and render its verdict accordingly." *Horton*, 847 F. 2d at 317.

Rule 14(a) of the Federal Rules of Criminal Procedure provides that "[i]f the joinder of offenses or defendants in an indictment, an information or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). The grant or denial of a motion for severance lies within the sound discretion of the trial court, whose

"determination in this area is thus entitled to great deference." *United States v. Breinig*, 70 F. 3d 850, 853 (6th Cir. 1995). The Court of Appeals will overturn such a decision only where there has been a clear abuse of discretion. *United States v. Elder*, 90 F. 3d 1110, 1118 (6th Cir. 1995). "[T]o prevail on a motion for severance, a defendant must show compelling, specific, and actual prejudice from a court's refusal to grant the motion to sever." *United States v. Saadey*, 393 F. 3d 669, 678 (6th Cir. 2005). A severance under Rule 14 should only be granted when "[t]here is a serious risk that a joint trial would compromise a specific right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539; 113 S. Ct. 933; 122 L. Ed. 2d 317 (1993). The district court may not grant a severance because the same evidence is not admissible against all defendants, or due to defendants' different trial strategies or "because the proof is greater against a co-defendant." *Warner*, 971 F. 2d at 1196. Likewise, antagonistic defenses between defendants do not necessarily require a severance, unless Defendant demonstrates that the "antagonism between co-defendants will mislead or confuse the jury." *Horton*, 847 F. 2d at 317.

Defendant argues that she and Co-Defendant Summers will present defenses that are completely antagonistic to each other, that they have been mis-joined under Federal Rule of Criminal Procedure 8(b), that the evidence against Co-Defendant Summers, as well as her "colorful" defense will have a prejudicial spillover effect which will confuse the jury, that there are no overlapping proofs, and that Defendant Peatross' offense occurred independent of the offenses committed by Co-Defendant Summers, as such there is no nexus between the false personation offense and the conspiracy offense.

The Court finds that Defendant's assertion that there is no nexus between Defendant

Peatross' false personation charge and Co-Defendant Summers' conspiracy charge is not fully supported. It is alleged there is evidence that both Defendant Peatross and Co-Defendant Summers were involved in a conspiracy to defraud the United States by assisting Co-Defendant Gibson in obtaining clients for his tax preparation business, by handing out flyers and leaflets advertising the subject business.  It is alleged there is evidence that Co-Defendants Summers and Peatross were aware that fraudulent tax returns were being prepared at Co-Defendant Gibson's tax preparation business.  It is alleged there is additional evidence that Co-Defendants Gibson, Peatross and Summers opened bank accounts to funnel their clients' tax refunds without their clients' knowledge.  It is alleged Co-Defendants would then deposit the clients' refunds into these accounts and keep some or all of their clients' tax returns.  The false personation charge directly relates to this ongoing conspiratorial objective.  Defendant Peatross is claimed to have impersonated an IRS agent in order to gain access to Carlo Gibson's bank account, an account in which Co-Defendants are alleged to have deposited the income tax returns obtained through the fraudulent preparation of those returns.

   Additionally, Defendant has not demonstrated how the antagonistic defenses between Co-Defendant Summers and Defendant will mislead or confuse the jury.  While Co-Defendant Summers' "colorful" defense[1] may be confusing, it is a defense that will be likely addressed long before the commencement of Defendants' trial, reducing the potential for jury confusion. Further, the jury is presumed to understand and possess the ability to separate the evidence

---

[1] Defendant Summers asserts that this Court has no jurisdiction over her because she is a sovereign, indigenous Moor and not a citizen of the United States.  Defendant Summers asserts, federal officials had no authority to arrest and detain her and, likewise, the Internal Revenue Service has no jurisdiction over her.  As such, she claims the Indictment against her must be dismissed.

applicable to each defendant and render a verdict accordingly. *See Horton*, 847 F. 2d at 317. Defendant Peatross has not demonstrated that she will be exposed to a serious risk that will compromise her right to a fair trial if this matter is tried jointly, or that the jury will be prevented from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. Severance of this matter into two separate trials, on some or all of the counts under Federal Rule of Criminal Procedure 14 is unwarranted and Defendant's Motion for Severance is DENIED.

    B.    **The Government's Motion for Reciprocal Discovery under Federal Rule of Criminal Procedure 16**

The Government requests the following reciprocal discovery from Defendant:

a) Demand for inspection and copying or photographing books, papers, documents, photographs, tangible objects, or copies or portions thereof, which are within th possession, custody, or control of the defendant and which the defendant intends to introduce as evidence in chief at the trial;

b) Demand for inspection and copying or photographing any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this particular case, or copies thereof, within the possession or control of the defendant, which the defendant intends to introduce as evidence in chief at trial or which were prepared by a witness whom the defendant intends to call at the trial when the results or reports relate to that witness' testimony;

c) Demand for a written summary of testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial.

Defendant's counsel, Andrew Densemo, Esq., asserts in his Response that he is unaware of, and does not possess, any items which come within the purview of Federal Rule of Criminal Procedure 16(b). Additionally, at the February 26, 2007 hearing on this matter, Defendant's counsel stated that he has not reviewed, nor has any intention of introducing documents during his case-in-chief that Defendant Peatross has in her possession. Based upon Mr. Densemo's

representations, the Court DENIES the Government's Motion for Reciprocal Discovery.[2]

## IV. CONCLUSION

Accordingly,

IT IS ORDERED that Defendant Peatross' Motion for Severance [**Docket No. 70, filed February 7, 2007**] is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that the Government's Motion for Reciprocal Discovery Under Federal Rule of Criminal Procedure 16 [**Docket No. 69, filed February 6, 2007**] is DENIED WITHOUT PREJUDICE.

Dated: March 9, 2007            /s/ Denise Page Hood
                                DENISE PAGE HOOD
                                United States District Court Judge


I hereby certify that a copy of the foregoing document was served upon counsel of record on March 9, 2007, by electronic and/or ordinary mail.

                                S/William F. Lewis
                                Case Manager

---

[2] It should be noted that this Court ordered Mr. Densemo to turn these documents over to the Government no later than April 11, 2007, if he should decide to review them.