UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,                    Criminal Case No. 06-20351
v.                                                    Civil Case No. 11-11089
                                                    HONORABLE DENISE PAGE HOOD
CAMELIA PEATROSS (D-2),

    Defendant-Petitioner.
_____/

**ORDER GRANTING MOTION TO DISMISS;**
**MOOTING MOTION TO STAY;**
**DENYING MOTION UNDER 28 U.S.C. § 2255**
**and**
**ORDER DISMISSING CASE NO. 11-11089**

**I.    BACKGROUND**

On June 29, 2007, a jury found Camelia Peatross guilty of False Personation to Flagstar Bank, 18 U.S.C. § 912 (Count 2) and Conspiracy to Commit Offense or to Defraud the United States, 18 U.S.C. § 371 (Count 48). (Doc. No. 120, Verdict) Peatross was sentenced on November 1, 2007 to one day of imprisonment and supervised release for one year on Count 2 and three years on Count 48, to run concurrently. (Doc. No. 146, Judgment) On appeal, the Sixth Circuit affirmed Peatross' conviction in an Opinion filed May 13, 2010. (Doc. No. 180). The mandate was issued on June 11, 2010. (Doc. No. 181).

Peatross filed the instant Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 on March 16, 2011. In lieu of a response, the Government filed a Motion to Dismiss the § 2255 Motion on April 7, 2011. The Government argues this Court lacks subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) because Peatross is no longer in custody. Peatross filed no response to the Government's Motion to Dismiss.

II.     SECTION 2255 MOTION

Motions brought under 28 U.S.C. § 2255 must present a challenge to the constitutionality of the sentence. *United States v. Jalili*, 925 F.2d 89, 893-94 (6th Cir. 1991). Challenges must raise the following: whether the sentence was imposed in violation of the Constitution or laws of the United States; whether the court was without jurisdiction to impose the sentence; whether the sentence was in excess of the maximum authorized by law; or pose an alternative collateral attack to the sentence. *Id.* "To warrant relief under section 2255, a petitioner must demonstrate the existence of an error of constitutional *magnitude* which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003). Motions under § 2255 can only be brought by a federal prisoner who is "in custody under sentence of a court established by Act of Congress." 28 U.S.C. § 2255; Rules Governing Section 2255 Proceedings, Rule 1. A prisoner is not "in custody" when the sentence imposed for the conviction under attack has fully expired by the time the petition is filed even if the conviction was used to enhance a subsequent sentence. *Maleng v. Cook*, 490 U.S. 488, 490-92 (1989). A federal prisoner who is on supervised release at the time a petition is filed is considered "in custody." *Id.* at 491; *Leslie v. Randle,* 296 F.3d 518, 522 (6th Cir. 2002). If a prisoner is under a fine or restitution obligation, the prisoner is not considered to be "in custody." *United States v. Watroba,* 56 F.3d 28, 29 (6th Cir. 1995). Collateral consequences of a conviction, "such as the ability to vote, engage in certain businesses, hold public office, or serve as a juror, are ... insufficient to satisfy the "in custody" requirement for habeas jurisdiction." *Leslie,* 296 F.3d at 522.

Peatross was sentenced on November 1, 2007. Her longest supervised release sentence was three years, which fully expired on October 31, 2010. Peatross filed the instant § 2255

Motion on March 16, 2011, more than four months after her sentence expired.  The Court does not have jurisdiction to review Peatross' § 2255 Motion.

### III.    CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2225 Proceedings, which was amended as of December 1, 2009, requires that a district court must issue or deny a certificate of appealability when it enters a final order.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability,* 106 F.3d 1306, 1307 (6th Cir.1997).

As set forth above, the Court will not issue a certificate of appealability in this matter because it lacks subject matter jurisdiction to review the § 2255 Motion.

### IV.    CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the United States' Motion to Dismiss **[Criminal Case No. 06-20351, Doc. No. 187, filed April 7, 2011]** is GRANTED.

IT IS FURTHER ORDERED  that the United States' Motion to Stay Order to Respond **[Criminal Case No. 06-20351, Doc. No. 188, filed April 7, 2011]** is MOOT.

IT IS FURTHER ORDERED that Camelia Peatross' Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 **[Criminal Case No. 06-20351, Doc. No. 183, filed March 16, 2011]** is **DENIED** for lack of jurisdiction**.**

IT IS FURTHER ORDERED that the Petition to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 **[Criminal Case No. 06-20351, filed March 16, 2011]** is **DISMISSED with prejudice.**

IT IS FURTHER ORDERED that a certificate of appealability not issue in this case.

s/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: June 30, 2011

I hereby certify that a copy of the foregoing document was served upon Camelia Peatross, 8330 E. Jefferson, Apt. #915, Detroit, MI 48214 and counsel of record on June 30, 2011, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager